**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TRUSTEES OF THE NORTH ATLANTIC
STATES CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and LABOR
MANAGEMENT COOPERATION FUNDS,

                           Petitioner,                 **REPORT AND RECOMMENDATION**

   -against-                                          23-CV-2282 (GRB) (ST)

BP INTERIORS CORP.,

                           Respondent.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Petitioner, Trustees of The North Atlantic States Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (the "Trustees") commenced this action on March 24, 2023, seeking confirmation of an arbitration award against Respondent, BP Interiors Corp ("BP"). BP has failed to appear or otherwise defend this action, and a certificate of default was entered against it on May 30, 2023. Judge Brown then referred the Trustees' petition to confirm to me for a Report and Recommendation. For the reasons set forth below, I recommend the Trustees' petition be GRANTED.

## BACKGROUND

**I.    The Parties.**

The Trustees are comprised of employer and employee trustees for two distinct groups of funds (the "Funds"). Pet. ¶¶ 4-5, ECF No. 1. The first group is the Trustees of the North Atlantic States Carpenters Health, Pension, Annuity and Apprenticeship Funds, which are labor-management trust funds operated in accordance with the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(a), *et seq*. *Id* at ¶ 4. The second is the Trustees of

the North Atlantic States Carpenters Labor Management Cooperation Fund, a management cooperation committee established under section 302(c)(9) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq. Id* at ¶ 5. The Funds maintain a principal place of business at 270 Motor Parkway, Hauppauge, New York 11788. *Id* at ¶¶ 4-5.

BP is a limited liability company incorporated under the laws of New York and at all relevant times was an employer within the meaning of ERISA and was an employer in an industry affecting commerce within the meaning of LMRA. *Id* at ¶ 6. BP's principal place of business is located at 30 Nassau Blvd., Malverne, New York 11565. *Id.*

## II.     The Collective Bargaining Agreement.

BP, as a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. (the "Association"), is bound by collective bargaining agreements between the Association and North Atlantic States Regional Council of Carpenters Local Union 290 (the "Union"). *Id* at ¶ 9. The collective bargaining agreement requires BP to contribute to the Funds for all work performed within the trade and jurisdiction of the Union. *Id* at 10. In the event that an employer fails to make required contributions, the collective bargaining agreement requires arbitration before the Fund's designated Arbitrator. *Id* at ¶ 14.

## III.    This Dispute and Arbitration Proceedings.

BP failed to remit contributions owed under the collective bargaining agreement totaling $14,093.40 for payroll periods in March and April 2022. *Id* at ¶ 18. Trustees therefore initiated arbitration proceedings. *Id* at ¶ 19. During the hearing, at which BP failed to appear, the arbitrator determined that BP had violated the terms of the collective bargaining agreement and awarded Trustees a sum of $18,902.71 consisting of the delinquent payments, $240.63 in interest, $2,818.68 in liquidated damages, $950 in attorneys' fees plus pre-judgment interest at a

rate of 10% through to the date of judgment, and an arbitrator's fee of $800. *Id* at ¶ 21; Collection Award and Order at 1, ECF No. 1-5. BP has failed to make any payments towards the arbitration award, despite being served with the award and a demand for compliance. Pet. ¶¶ 22-23, ECF No. 1.

## IV.  Procedural History.

Trustees filed this petition on March 24, 2023, seeking to confirm the arbitration award and requesting attorneys' fees and costs associated with this petition. After BP failed to appear, Trustees requested a certificate of default from the Clerk of Court. See ECF No. 11. Default was entered against BP on May 30, 2023. See ECF No. 12.

## LEGAL STANDARD

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trustees for Mason Tenders District Council Welfare Fund v. Hilt Construction, Inc.*, No. 22-CV-10824 (LGS), 2023 WL 4288358, at *2 (S.D.N.Y. June 30, 2023) (quoting *Local 802, Assoc'd Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). The Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate . . .. Rather, the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Confirmation proceedings are usually accompanied by records that resolve the merits or command judicial deference, and these records are more substantial than simple allegations by one party, as is normally found in a complaint. *See id.*; *see also Local 355 Union Serv. Workers Union, Int'l Union of Journeymen & Allied Trades v. LA Mech. Corp.*, 2016 U.S. Dist. LEXIS 92418, at *6-7 (E.D.N.Y. July 14, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 107550 (E.D.N.Y. Aug 11,

2016). As such, *Blair* instructs district courts to base judgments in these cases on a review of the full record submitted to ensure that "no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citing *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *see also Trs. of The Local 807 Labor-Mgmt. Health Fund v. Express Haulage Co.*, 2008 U.S. Dist. LEXIS 119823, at *7-8 (E.D.N.Y. Sep. 2, 2008) (noting that the *Blair* decision was "based on the fact that arbitration proceedings act as a form of court record, documenting the positions of both sides in a case" and consequently, courts must examine the arbitration proceedings to ensure that no material issue of fact remains for trial), *adopted by*, 2008 U.S. Dist. LEXIS 85734 (E.D.N.Y., Oct. 22, 2008). This standard applies even when the non-moving party has failed to respond to the motion. *D.H. Blair*, 462 F.3d at 110.

Accordingly, this Court will assess the Union's motion as if it were an unopposed motion for summary judgment. A motion for summary judgment, whether opposed or unopposed, may not be granted unless all submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In cases involving arbitration awards, even "unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Premium Sys.*, 2012 U.S. Dist. LEXIS 117506, at *8 (S.D.N.Y. Aug. 17, 2012) ("Even where a summary judgment motion is unopposed . . . the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.") (internal quotation marks and citation omitted).

While this summary judgment standard applies, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). In general, confirmation proceedings for arbitration awards are "summary proceeding[s] that merely make[] what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citation omitted). A "barely colorable justification for the outcome reached by the arbitrators" is all that is required to confirm an award on a petition to confirm. *Id.* (internal quotation marks and citation omitted). In other words, the showing required to avoid summary confirmation of the award is very high, because to confirm the award, the court need "only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the [a]ward." *Express Haulage*, 2008 U.S. Dist. LEXIS 119823 at *14. In fact, a court must confirm the award where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to the law." *Local 339 United Serv. Workers Union, Int'l Union of Journeymen & Allied Trades v. Advanced Ready Mix Corp.*, 2013 U.S. Dist. LEXIS 25205, at *9 (E.D.N.Y. Feb. 24, 2013).

## DISCUSSION

For the reasons discussed below, this Court recommends that BP has in fact defaulted, and that the award satisfies the above standard for confirmation. This Court, therefore, recommends confirming the award and granting the Trustees their requested relief.

## I. This Court has Jurisdiction.

This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 185(c). *See Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."). "[D]istrict courts shall be deemed to have jurisdiction of a labor organization . . . in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." 29 U.S.C. § 185(c); *see also* 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York."). The Trustees' principal place of business is located within Suffolk County; therefore, this Court has subject matter jurisdiction.

This Court also has personal jurisdiction over BP, whose principal place of business is located in Nassau County.

## II. The Arbitrator's Award and Order is Valid and Enforceable.

To confirm that the Award and Order is valid and enforceable, this Court must first determine if there is no remaining question of material fact that the parties agreed to arbitrate their dispute. *See Vera v. Saks & Co.*, 335 F.3d 109, 116-17 (2d Cir. 2003) (citation omitted) ("Whether a CBA creates a duty for the parties to arbitrate a particular claim is an issue for judicial determination."). Second, this Court must determine whether there is any "indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to the law." *Advanced Ready Mix Corp.*, 2013 U.S. Dist. LEXIS 25205, at *9.

Based on the record presented by the Trustees, this Court finds that the parties did in fact agree to arbitrate their dispute and that the consent award was justified and not contrary to the law.

### A. The Parties Agreed to Arbitration.

The Union's allegations and evidence are sufficient for this Court to conclude that the parties agreed to arbitrate their dispute. The Trustees have sufficiently shown that BP was a member of the Association, and that the terms of membership required adherence to the Association's collective bargaining agreement with the Union. Pet. at ¶¶ 8-9, ECF No. 1; *see also* ECF No. 1-1 (list of member organizations within the Association); ECF No. 1-2 (collective bargaining agreement). The collective bargaining agreement bound BP to comply with agreements established by the Trustees. Pet. at ¶ 11, ECF No. 1; ECF No. 1-2, Art. 16 § (a). The Trustees established an Employer Contribution Audit and Collection Policy (the "Collection Policy") which requires failures to remit contributions to be redressed via arbitration. Pet. at ¶¶ 12-14, ECF No. 1; ECF No 1-3, Art 2.3(A) (the Collection Policy).

Thus, this Court finds that the arbitration hearing was held pursuant to a valid arbitration agreement between the parties.

### B. The Award and Order is Justified.

There is no "indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to the law." *Advanced Ready Mix Corp.*, 2013 U.S. Dist. LEXIS 25205, at *9. This standard is exceedingly high, and the arbitration award should be confirmed so long as the arbitrator "even arguably constru[ed] or appl[ied] the contract and act[ed] within the scope of his authority." *United Broth. Of Carpenters and Joiners of America v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015).

In reaching his award and order, the arbitrator appropriately construed the terms of the collective bargaining agreement and Collection Policy. The Trustees were entitled to $14,093.40 in delinquent contributions per Article 16, Section (a) of the collective bargaining agreement. ECF

No. 1-2, Art. 16 § (a). The collective bargaining agreement and the Collection Policy allow for interest on delinquent payments at a rate of .75% per month, yielding the $240.63 awarded. Pet. at ¶¶ 16, 21, ECF No. 1; *see also* ECF No. 1-2 at Art 16 § (b); ECF No. 1-3 Arts. 1.1(C)(4), 2.1(D). The Collection Policy further provides for liquidated damages of 20% of the delinquent contributions, which the arbitrator accurately calculated to be $2,818.68. Pet. at ¶¶ 17, 21, ECF No. 1; *see also* ECF No. 1-2 at Art 16 § (b); ECF No. 1-3, Art 6.1. Lastly, both the collective bargaining agreement and Collection Policy render defaulting employers liable for costs incurred in collecting delinquent contributions, which includes attorneys' fees and arbitration fees. Pet. at ¶ 15, ECF No. 1; ECF No. 1-2, Art 16 § (b); ECF No. 1-3, Art. 6.3. Thus, each component of the arbitrator's award is expressly called for in the collective bargaining agreement and Collection Policy. I therefore find that the arbitrator acted well within the scope of his authority and recommend that the award be confirmed.

### III.   Attorneys' Fees and Costs for this Petition.

The Trustees, in addition to seeking confirmation of the Award, requests attorneys' fees and costs in the amount of $2,237 incurred in briefing this petition. Pet. at ¶ 34, ECF No. 1.

Courts calculate reasonable attorneys' fees using the "lodestar" method, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case — [which] creates a presumptively reasonable fee." *Millea v Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Generally, this rate is "based on market rates in line with those rates prevailing in the [district] for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks and citation omitted). The court must then determine

whether the number of hours expended were appropriate, and whether contemporaneous time records exist documenting the time spent. *See Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160 (2d Cir. 1994); *see also Marshall v. Deutsche Post DHL & DHL Express (USA) Inc.*, 2015 U.S. Dist. LEXIS 125869, at *29-30 (E.D.N.Y. Sept. 21, 2015).

The Trustees attorneys have submitted contemporaneous time records for 6.4 hours of work at an hourly rate $275 for two associate attorneys. Pet. at ¶¶ 28-29, ECF No. 1. "Courts in the Eastern District of New York award hourly rates ranging from . . . $100 to $300 per hour for associates. . . ." *Eastern Savings Bank, FSB v. Robinson,* No. 13-CV-7308, 2016 WL 3365091, at *8 (E.D.N.Y. May 9, 2016). I therefore find that the rate of $275 is reasonable in this case. Furthermore, 6.4 hours is a reasonable number of hours in order to draft, review, and compile supporting documentation for this petition, and so I further recommend that this Court award the $1,760 in requested attorneys' fees.

The Trustees also seek to recover $477 in costs stemming from court filing fees, service fees, and postage for the instant petition. Pet. at ¶ 33, ECF No. 1. The collection of such fees is expressly covered in Article 6.3 of the Collection Policy. *See* ECF No. 1-3, Art. 6.3.

## IV. Post-judgment Interest.

The Trustees also seek post-judgment interest. Pursuant to 28 U.S.C. § 1961(a), post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." Thus, this Court respectfully recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See id.*; *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Crew Contracting of NJ Inc.*, 2017 U.S. Dist. LEXIS 94986, at *7 (S.D.N.Y. June 16, 2017) (noting, in the context of an arbitration confirmation, that the award of

post-judgment interest is "mandatory on awards in civil cases as of the date judgment is entered") (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).[1]

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Trustee's petition be GRANTED. The Trustees should be awarded the $18,902.71 outlined in the Collection Award and Order as well pre-judgment interest on the $950 awarded in attorney's fees at an annual rate of 10%. I further recommend that the Trustees be awarded an additional $2,237 in attorneys' fees and costs associated with the instant motion. Post-judgment interest should also be awarded in the manner described above.

---

[1] The daily one-year constant maturity yield for Treasuries is available here: https://fred.stlouisfed.org/series/DGS1.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Responses to any objections shall be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**

       /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       September 13, 2023